IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM L. GREER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:06-cv-0528 |
| CSX TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

*ORDER*
*This motion is GRANTED under the cited hearsay exception to the general rule.*
[signature] 3-12-08

### CSX TRANSPORTATION, INC.'S MOTION *IN LIMINE* IX

Comes Defendant, CSX Transportation, Inc. ("CSXT"), by and through its counsel of record, and for its Motion *In Limine* to Exclude Evidence Based on Hearsay and/or Information Outside the Witness's Personal Knowledge, states as follows:

### I. Hearsay Testimony Is Inadmissible Under Federal Rule Of Evidence 802

Based upon Plaintiff's deposition testimony and his opposition to CSXT's pending motion for summary judgment, CSXT anticipates that Plaintiff may attempt to offer evidence based on hearsay, or other information outside the personal knowledge of the witnesses. Specifically, for instance, CSXT expects that Plaintiff may attempt to offer hearsay evidence that CSXT replaced him with a younger and/or white employee, notwithstanding that he admitted in his deposition that this is mere speculation and that he does not know who, if anyone, replaced him. (Pl. Dep., 243:8 – 244:5.)

Likewise, although Plaintiff claims that younger and/or white employees who caused derailments were not terminated, he cannot identify any "similarly situated" younger or white employees who were treated better than he was. (Pl. Dep., 169:6-13, 217:8 – 234:16.) Plaintiff admits that his "evidence" is based on hearsay, he does not know of any employees with records worse than his, he does not know the disciplinary history, safety records, etc. and he does not