IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM L. GREER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:06-cv-0528 |
| CSX TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

## CSX TRANSPORTATION, INC.'S MOTION *IN LIMINE* X

*[Handwritten order: ORDER. Th[is] motion DENIED without prejudice to renew[al] after the ruling on the defendant's motion to dismiss will [illegible] 3/12/8]*

Comes Defendant, CSX Transportation, Inc. ("CSXT"), by and through its counsel of record, and for its Motion *in Limine* to Exclude "Me, too" Evidence from Witnesses Regarding Their Claimed Experiences with CSXT, states as follows:

### I. INTRODUCTION

CSXT submits this Motion *in Limine* to exclude from evidence and preclude Plaintiff, his counsel and his witnesses from making any references to, commenting upon, or introducing any "me, too" evidence or testimony regarding the purported experiences with CSXT of any current or former employee or applicant for employment other than Plaintiff, including any alleged "unfair" treatment, purported race or age discrimination, or other alleged acts or omissions of CSXT or its agents and employees.

### II. ARGUMENT

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.